**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. DON JUAN RIOS, | ) | |
| | ) | |
| Petitioner, | ) | No. 09 C 3846 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| MARCUS HARDY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Don Juan Rios has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to vacate his conviction for first degree murder. For the reasons set forth below, the Court denies the petition.

**Background**

In 2002, after a bench trial, Rios was convicted of first degree murder and sentenced to forty-five years in prison. (Gov't Ex. A, *People v. Rios*, No. 1-04-0058 at 1-2 (Ill. App. Ct. Jan. 31, 2006).) On appeal, he argued that: (1) his jury trial waiver was invalid because he did not know when he made it that the trial judge, Judge Golniewicz, was being investigated by the Judicial Inquiry Board ("JIB"); (2) the judge who handled the post-trial proceedings, Judge Kelley, could not fairly determine Rios' motion for a new trial or sentence because he had not presided at the trial; (3) Judge Kelley erroneously denied Rios' post-trial motions for discovery into the JIB investigation and quashed his subpoena of Judge Golniewicz; and (4) the state had failed to prove Rios' guilt

beyond a reasonable doubt. (*See id.* at 16-32.) The appellate court rejected these arguments and affirmed Rios' conviction and sentence. (*Id.* at 33.)

Rios filed a petition for leave to appeal ("PLA") to the supreme court, arguing that his due process rights were violated because Judge Golniewicz: (1) knew the prosecutors had started the JIB inquiry and wanted to curry favor with them; and (2) did not tell Rios about the JIB proceedings before he waived his right to a jury trial. (*See* Gov't Ex. H, PLA, *People v. Rios*, No. 102194 at 8-20.) The supreme court denied the PLA. (*See* Gov't Ex. I, *People v. Rios*, No. 102194 (Ill. May 24, 2006).)

In early 2007, Rios filed his first petition for post-conviction relief, arguing that his due process rights were violated because a potentially biased judge presided over his trial. (*See* Gov't Ex. J, Pet. Post-Conviction Relief, *People v. Rios*, No. 99-CR-12385 at 2-3.) The petition was denied. (Gov't Ex. K, Apr. 13, 2007 Hr'g Tr. at B-3-5, *People v. Rios*, No. 99 CR 12385 (Cir. Ct. Cook Cnty.).)

Rios raised the same issues on appeal and in his PLA, both of which were rejected. (*See* Gov't Ex. L, Br. & Arg. Def.-Appellant at 6-13, *People v. Rios*, No. 07-1668; Gov't Ex. O, *People v. Rios*, No. 1-07-1668 at 7 (Ill. App. Ct. Dec. 22, 2008); Gov't Ex. R, PLA, *People v. Rios*, No. 108083; Gov't Ex. S, *People v. Rios*, No. 108083 (Ill. May 28, 2009).)

In 2009, Rios sought leave to file a successive post-conviction petition, arguing that: (1) the state had not proven him guilty beyond a reasonable doubt; (2) his due process rights were violated by having a biased judge preside over his trial and by the judge's failure to tell Rios about his rights to a jury trial and to testify; (3) his trial counsel was ineffective because he did not tell Rios about his rights to testify and to a jury trial; and (4) his appellate counsel was ineffective for failing to raise

the first three issues. (*See* Gov't Ex. T, Mot. File Successive Post-Conviction Pet. at 2-5, *People v. Rios*, No. 99 CR 12385.) The motion was denied. (*See* Gov't Ex. U, Aug. 14, 2009 Hr'g Tr., *People v. Rios*, No. 99 CR 12385 (Cir. Ct. Cook Cnty.).)

On September 9, 2009, Rios appealed that order, and the Illinois Appellate Defender was appointed to represent him. (*See* Gov't Ex. V, Agreed Mot. Summ. Disposition ¶ 4, *People v. Rios*, No. 1-09-2352.) Appointed counsel filed an agreed motion for summary disposition asking that Rios' sentence be reduced by eleven days for pre-sentence time served. (*Id.* ¶ 8.) The motion did not address any of the issues Rios raised in his motion to file a successive petition. (*Id.*) The court granted the motion for summary disposition, which it said was "a final and complete disposition" of Rios' appeal from the order denying him leave to file a successive petition. (*See* Gov't Ex. W, *People v. Rios*, No. 1-09-2352 (Ill. App. Ct. Sept. 23, 2010).)

On September 27, 2010, Rios asked the appellate court for permission to file a *pro se* brief addressing the issues he raised in his motion to file a successive post-conviction petition because his appointed counsel had refused to do so. (*See* Gov't Ex. X, Mot. Leave File *Pro Se* Br. Instanter, *People v. Rios*, No. 1-09-2352; Gov't Ex. Y, *Pro Se* Br. & Arguments Pet'r-Appellant, *People v. Rios*, No. 1-09-2352.) The court granted the motion, "treated [the brief] as a petition for rehearing" and denied it. (Gov't Ex. Z, *People v. Rios*, No. 1-09-2352 (Ill. App. Ct. Oct. 22, 2010).)

Rios filed a PLA in which he argued that he should have been allowed to file a successive petition because: (1) he raised a claim of actual innocence; (2) the state had not proved him guilty beyond a reasonable doubt; and (3) his trial and appellate counsel were ineffective. (*See* Gov't Ex. CC, PLA at 3, *People v. Rios*, No. 112178.) The supreme court denied the PLA. (*See* Gov't Ex. DD, *People v. Rios*, No. 112178 (Ill. Sept. 28, 2011).)

## Discussion

In his amended habeas petition, Rios argues that: (1) his due process rights were violated by (a) the state's failure to prove his guilt beyond a reasonable doubt, (b) the trial judge's failure to advise him of his rights to a jury trial and to testify, and (c) having his guilt determined by a biased judge; (2) his right to effective assistance of counsel was violated by (a) trial counsel's failure to advise him of his right to a jury trial and to testify, permitting a defense witness to testify that Rios was a drug dealer, and the cumulative effect of these issues, and (b) appellate counsel's failure to address trial counsel's errors on appeal.

Rios did not raise claims 1(a), 1(b), 2(a) or 2(b) at all levels of his direct appeal or first post-conviction proceedings. (*See* Gov't Ex. H, PLA, *People v. Rios*, No. 102194 at 8-20; Ex. J, Pet. Post-Conviction Relief, *People v. Rios*, No. 99-CR-12385 at 2-3).) Morever, the state court rebuffed his attempt to assert them in a successive post-conviction petition by denying him leave to file it. (Gov't Ex. Z, *People v. Rios*, No. 1-09-2352 (Ill. App. Ct. Oct. 22, 2010)); *see* 725 Ill. Comp. Stat. 5/122-1(f) ("Only one [post-conviction] petition may be filed . . . without leave of court."); *People v. LaPointe*, 879 N.E.2d 275, 278 (Ill. 2007) ("Having been denied leave to file the petition, LaPointe's case ended at that point without his second petition having ever been properly filed under the statute."). Because Rios did not litigate these claims in "one complete round of state-court review," they are procedurally defaulted. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004); *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *U.S. ex. rel. Johnson v. McCann*, No. 06 C 5352, 2008 WL 4613410, at *1 (N.D. Ill. Oct. 10, 2008) (holding that habeas

petitioner had procedurally defaulted claims raised only in "an unauthorized second post-conviction petition").

Despite the procedural defaults, the Court can still consider these claims if Rios shows cause for and prejudice from having failed to raise them in state court or that he is actually innocent, *i.e.*, "that no reasonable [fact finder] would have found him guilty of the crime [for which he was convicted] but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026. Because he has done neither, the Court cannot review these claims.

**Merits**

The only claim Rios preserved for review is claim 1(c), that his due process rights were violated by having a biased or potentially biased judge preside at his trial. The Court can grant habeas relief on this claim only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1),(2).

The due process clause guarantees litigants "a fair trial in a fair tribunal." *Guest v. McCann*, 474 F.3d 926, 931 (7th Cir. 2007) (quotation omitted). "[D]ue process is violated when a judge presides in a case that would offer a possible temptation to the average man to forget the burden of proof required to convict the defendant or would lead him not to hold the balance nice, clear, and true between the state and the accused." *Id.* (quotations and alterations omitted). To succeed on a judicial bias claim, Rios must offer facts indicating that the trial judge was "actual[ly] bias[ed]" or

5

there was "a possible temptation so severe that we might presume [he had] an actual, substantial incentive to be biased." *Del Vecchio v. Ill. Dep't of Corrs.*, 31 F.3d 1363, 1380 (7th Cir. 1994).

With respect to this claim, the state court said:

> . . . . To support a claim of judicial bias, defendant must establish a nexus between the activities being investigated and the trial judge's conduct at trial, and allege and establish actual bias resulting from the trial judge's extrajudicial conduct. People v. Titone, 151 Ill. 2d 19, 30 (1992).
>
> In his petition and accompanying affidavit from post-conviction counsel, defendant offered nothing but speculative and uncertain assertions that the trial judge "may have been biased." These conclusions, alone, are insufficient to support a clam of judicial bias, as defendant alleged no supporting facts. People v. Swamynathan, No. 2-07-0239, slip. op. at 10 (September 15, 2008).
>
> The affidavit of post-conviction counsel regarding what purported to be a JIB [Judicial Inquiry Board] complaint against the trial judge is devoid of any direct evidence that the judge was biased in defendant's trial, and defendant did not offer any instances of such in his petition or before this court. Titone, 151 Ill. 2d at 30. That the trial judge was under investigation in unrelated cases for conduct unbecoming of a judicial officer is not germane to the facts in this case. Titone, 151 Ill. 2d at 30. Thus, where defendant has not challenged the propriety of the trial judge's rulings or cited any incidents which might cast doubt upon the judge's objectivity in his case to establish actual bias, his speculation that the judge "may have been biased" is insufficient to set forth the gist of a constitutional claim of judicial bias. People v. Knade, 252 Ill. App. 3d 682, 690 (1993). . . .

(Gov't Ex. O, *People v. Rios*, No. 1-07-1668 at 5-6 (Ill. App. Ct. Dec. 22, 2008).)

Though the court did not cite to federal cases, it nonetheless made the presumptively correct findings required by those cases. *See* 28 U.S.C. § 2254(e)(1) (state court's fact findings are presumed correct unless rebutted by clear and convincing evidence). The Court explicitly found that Rios' evidence, which consisted solely of an affidavit from his lawyer, did not establish actual bias. (*Id.* at 6; *see* Gov't Ex. J., Pet. Post-Conviction Relief, Ex. A, Harper Aff. ¶ 2 (stating that "I have obtained a document that appears to be a complaint filed by the Judicial Inquiry Board," which states that "[a]t various times during 2000 and 2001," Judge Golniewicz "engaged in rude, inappropriate,

6

undignified, prejudicial, and biased behavior [while on the bench]").) Moreover, the court's wholesale rejection of that affidavit as speculative, conclusory and uncertain, necessarily negates a finding that the trial judge was subject to a "temptation so severe" his bias could be presumed. *See Del Vecchio*, 31 F.3d at 1380. Because the state court's findings, stand unrebutted, Rios is not entitled to habeas relief.

## Conclusion

For the reasons set forth above, the Court denies Rios' petition for a writ of habeas corpus and terminates this case. The Court also declines to issue a certificate of appealability because Rios has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**                           **ENTERED: March 15, 2013**

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**